[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter arises on the Application to Correct Arbitration Award, dated August 24, 1998 filed by the Plaintiff, Aecon, Inc. The subject award issued in favor of the Plaintiff as against the Defendants, Naeem W. Butt and Butt Hotels, Inc. The arbitration proceeding was apparently hotly contested. The arbitrators ruled in favor of the Plaintiff, and awarded the Plaintiff damages in the net amount of $95,234.00. Defendants' Exhibit 5.[1]
The Plaintiff now seeks to correct the award by increasing the award as follows:
1. By $18,389.00 on the alleged ground that the arbitrators overlooked one often subcontracts submitted by Plaintiff. See Plaintiff's Exhibit C.
2. By $20,058.64 for additional interest under Article 11 of the subject contract. See Plaintiff's Exhibit A, Article 11.
3. By $74,699.71 for attorney's fees and arbitration costs in connection with the arbitration proceeding. See Plaintiff's Exhibit A, Article 8.
The award states that it "is in full and final settlement of any and all claims submitted to this Arbitration." Defendants' Exhibit 5.
The Plaintiff has brought its Application pursuant to General Statutes § 52-419. Subsection (a) of that section authorizes the court, upon proper application, to modify or correct the award "if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident CT Page 12870 material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy. '
None of these defects are claimed or present here. Instead, the Plaintiff desires the Court to make factual findings on the merits of the controversy. This the Court cannot do.
Arbitration of all claims and disputes arising out of the subject underlying contract between the parties is mandated by Article 16 of the contract, and is thus voluntary. See Defendants' Exhibit 1. Plaintiff's demand for arbitration contains no conditions or restrictions, and thus is an unrestricted submission. Id.
If a submission to arbitration is unrestricted or voluntary, judicial review of legal as well as factual determination by the arbitrators is precluded. Wilson v. Security Insurance Group,199 Conn. 618, 626-27 (1988). Judicial review is limited to a determination of whether the award conforms to the submission.Bodner v. United Services Automobile Assn., 222 Conn. 480, 487-88
(1992). There is no claim that the award does not so conform. The Court is without authority to make the substantive corrections on the merits of the award as requested.
The Court further notes that the record does not support two of the three grounds for the requested increase. Apparently the issue of attorneys fees was not raised by the Plaintiff either in its submission or in the arbitration proceeding itself. Also, post-award, Plaintiff's then counsel raised only the issue of interest, not that of an omission by the arbitrators concerning either attorneys fees or the tenth subcontract. See Defendants' Exhibit 6, counsel's letter to the American Arbitration Association, dated June 30, 1998.
The motion is denied.
David L. Fineberg Superior Court Judge